IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Marcus L. Wiggins, ) | |
|   Plaintiff, ) | |
| ) | |
| v. ) | 1:08cv13 (LMB/TRJ) |
| ) | |
| Dennis L. Montgomery, et al., ) | |
|   Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Marcus L. Wiggins, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983 and an application to proceed in forma pauperis. Specifically, plaintiff alleges that his trial counsel, Dennis L. Montgomery, and his appellate counsel, Michael D. Eberhardt and Dwayne B. Strothers, provided ineffective assistance of counsel in connection with his 1993 conviction.[1] He seeks $600,000.00 in damages. After reviewing plaintiff's complaint, the claim against defendants must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.[2]

---

[1] The Court notes that to the extent that plaintiff is attempting to attack the fact or duration of his confinement, the appropriate remedy is a petition for a writ of habeas corpus, not a claim under 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); see generally Wilkinson v. Dotson, 544 U.S. 74, 78-82 (2005) (summarizing the distinctions between § 1983 and habeas actions).

[2] Pursuant to § 1915(e)(2), the court shall dismiss the case at any time if the court determines that—

  (B) the action or appeal—
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

## I. Background

Plaintiff is incarcerated at Sussex I State Prison pursuant to a conviction resulting from a "one (1) day jury trial on July 9, 1993." Plaintiff does not disclose the charges against him or the offenses for which he was convicted. Plaintiff claims that defendant Montgomery violated his constitutional rights by failing to: (1) prepare a strategic defense for trial; (2) obtain the services of a gun expert; and (3) object to the "prosecutorial misconduct" that occurred when the prosecutor failed to turn over "any and all exculpatory as well as inculpatory evidence." He claims that defendant Eberhardt violated his constitutional rights when he "refus[ed] to take action on petitioner's delayed appeal to the Supreme Court of Virginia for which he [was] specifically appointed and assigned." Finally plaintiff claims that defendant Strothers violated his rights by refusing to act on his behalf in filing plaintiff's delayed appeal to the Supreme Court of Virginia. Plaintiff concludes by stating that all of the defendants "have prolonged petitioner's stay of incarceration, instead of assisting petitioner to win his case on the appellate level." Plaintiff seeks damages in the amount of $600,000.00.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915(e)(2), a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). In considering a motion to dismiss, the court presumes that all factual allegations in the complaint are true and accords all reasonable inferences to the non-moving party. 2A Moore's Federal Practice ¶ 12.07[2.5] (2d ed. 1994); see

also Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978), cert. denied, 446 U.S. 928 (1980). The court will not accept as true "conclusory allegations regarding the legal effect of the facts alleged." Labram v. Havel, 43 F.3d 918, 921 (4th Cir. 1995). Nor will the court develop tangential claims when the essence of the complaint concerns another issue. Beaudett v. Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986). However, a complaint should not be dismissed for failure to state a claim as long as it states a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (finding that a "plausible" claim is more than conceivable, but could be less than the "no set of facts" standard outlined in Conley v. Gibson, 355 U.S. 41, 45-6 (1957), which has long been used to evaluate complaints subject to 12(b)(6)).

### III. Merits

Section 1983 provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a cause of action under § 1983, a plaintiff must allege facts indicating he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42 (1988). Plaintiff fails to state a claim upon which relief can be granted because when a public defender performs a lawyer's traditional functions as counsel to a defendant in a criminal proceeding, he does not act under the color of state law and therefore is not subject to

civil liability under 42 U.S.C. § 1983. Polk County v. Dodson, 454 U.S. 312, 324-25 (1981). Further, when an attorney is appointed to represent an indigent criminal client, because the "assignment entail[s] functions and obligations in no way dependent on state authority," the attorney is entitled to the dismissal of a plaintiff's § 1983 action against him for "want of state action." Id. at 318; see Hall v. Quillen, 631 F.2d 1154, 1156 nn.2 & 3 (4th Cir. 1980). Here, the three named defendants are attorneys who were appointed to represent plaintiff, an indigent criminal client, at various times during his criminal trial and subsequent appeals. The alleged actions or omissions of defendants were not related to or dependent on any state authority. Accordingly, plaintiff fails to state a claim against any of the named defendants and his complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

Accordingly, it is hereby

ORDERED that this action be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);[4] and it is further

---

[3] It also appears that this action is barred by the applicable statute of limitations. There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Virginia has a two-year statute of limitations for personal injury claims under Virginia Code. § 8.01-243(A), which is the applicable statute of limitations in this action. See Shelton v. Angelone, 148 F. Supp. 2d 670, 677 (W.D.Va. 2001), aff'd, 49 Fed. Appx. 451 (4th Cir. Oct. 30, 2002) (unpublished opinion). Because the conviction about which plaintiff complains occurred in 1993, any claim against his trial counsel appears to be barred by the two-year statute of limitations. Plaintiff does not provide the dates on which he was represented by appellate counsel, so it is unclear whether his claims against appellate counsel are also time-barred. However, with plaintiff's trial occurring nearly fifteen years ago, it appears likely that any alleged "ineffective assistance" of appellate counsel would have also occurred well beyond the allowable statute of limitations.

[4] The Court notes, however, this dismissal is not intended to prejudice plaintiff's ability to pursue any appropriate claim in a Virginia state court or to file an appropriate claim with the Virginia State Bar.

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[5] this dismissal may affect his ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act; and it is further

ORDERED that plaintiff's application to proceed in forma pauperis (Docket # 2) be and is denied as moot.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send a copy of this Order to plaintiff.

Entered this 14th day of January 2008.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

---

[5] 28 U.S.C. § 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.